# EXHIBIT A

**** ORIGINAL CIVIL CITATION ****

THE STATE OF TEXAS

**TO: MERCANTILE ADJUSTMENT BUREAU LLC DBA CREDITORS INTERSHANGE RECEIVABLE MANAGEMENT**
**SERVE REGISTERED AGENT**
**165 LAWRENCE BELL DR SUITE 100**
**WILLIAMSVILLE NY 14221**

DEFENDANT, GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S PETITION BEFORE THE JUSTICE COURT, PRECINCT ONE AT 100 W. WEATHERFORD, ROOM 450 FORT WORTH TEXAS 76196, SAID PLAINTIFF BEING

**DUKGYU CHOI; HYUNSOO CHOI** PLAINTIFF

AND SAID:

**NATIONWIDE MUTUAL INSURANCE COMPANY** DEFENDANT
**HYUNDAI MOTOR AMERICA DBA HYUNDAI MOTOR AMERICA INCORPORATED**
**MERCANTILE ADJUSTMENT BUREAU LLC DBA CREDITORS INTERSHANGE RECEIVABLE MANAGEMENT**

FILED ON THIS THE 22ND DAY OF DECEMBER, 2020, FILE NO. **JP01-20-SC00014696** SUED UPON: SEE PETITION ATTACHED, PLUS COURT COSTS.

PLAINTIFF RESERVES THE RIGHT TO PLEAD FURTHER ORALLY AT TIME OF TRIAL
************************************************************************************************

**NOTICE TO DEFENDANT**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT. BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY. YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, OR LEGAL HOLIDAY, YOUR ANSWER IS DUE BY THE END OF THE FIRST DAY FOLLOWING THE 14TH DAY THAT IS NOT A SATURDAY, SUNDAY, OR LEGAL HOLIDAY. DO NOT IGNORE THESE PAPERS. IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION." UPON TIMELY REQUEST, NO LATER THAN 14 DAYS BEFORE THE DAY SET FOR TRIAL, AND PAYMENT OF A $22.00 JURY FEE, THIS CASE WILL BE HEARD BY A JURY."**
************************************************************************************************

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENTS OF LAW, AND THE MANDATES HEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS.

GIVEN UNDER MY HAND ON THIS THE 23RD DAY OF DECEMBER, 2020.

JUSTICE COURT - PRECINCT 1 TARRANT COUNTY, TEXAS

JUDGE RALPH SWEARINGIN, JR
A JUSTICE OF THE PEACE IN AND FOR
PRECINCT ONE, TARRANT COUNTY, TEXAS

Signed: 12/23/2020 4:04:05 PM

BY:______________________
CLERK OF THE JUSTICE COURT

MAB RECEIVED

COURT COPY

CONSTABLES RETURN

CAME TO HAND ON THE ________ DAY OF ____________ A.D. 20 ______ ,AT __________ O'CLOCK, _______ M.

AND EXECUTED ON THE ________ DAY OF ______________ , 20 _____ ,AT __________ O'CLOCK, _______ M.

BY DELIVERING IN PERSON A TRUE COPY OF THIS CITATION TO DEFENDANT(S) **(NAMES)** AT **(ADDRESS)** ____________

________________________________________________________________

**IF GRANTED BY THE COURT: ALTERNATIVE SERVICE OF CITATION**

_____ BY RULE 501.2 (E) (1) MAILING A COPY OF THE CITATION WITH A COPY OF THE PETITION ATTACHED BY FIRST CLASS MAIL TO THE DEFENDANT AT A SPECIFIED ADDRESS, AND ALSO LEAVING A COPY THE CITATION WITH PETITION ATTACHED AT THE DEFENDANT'S RESIDENCE OR OTHER PLACE WHERE THE DEFENDANT CAN PROBABLY BE FOUND WITH ANY PERSON FOUND THERE WHO IS AT LEAST 16 YEARS OF AGE; **OR**

_____ (2) MAILING A COPY OF THE CITATION WITH A COPY OF THE PETITION ATTACHED BY FIRST CLASS MAIL TO THE DEFENDANT AT A SPECIFIED ADDRESS AND ALSO SERVING BY ANY OTHER METHOD THAT THE COURT FINDS IS REASONABLY LIKELY TO PROVIDE THE DEFENDANT WITH NOTICE OF THE SUIT.

APPROVED METHOD: ________________________________________________

________________________________________________________________

RETURNED TO COURT AND NOT SERVED FOR THE FOLLOWING REASONS: ______________________

________________________________________________________________

FEES:

SERVICE...$ ________________ SHERIFF/CONSTABLE – PCT. NO _____ , __________ COUNTY, TX

OTHER......$ ________________ DEPUTY SIGNATURE: ______________________

TOTAL......$ ________________ DEPUTY NAME: ______________________

**ORIGINAL CIVIL CITATION**

IN THE JUSTICE COURT

ISSUED DECEMBER 23, 2020

JUDGE RALPH SWEARINGIN, JR
JUSTICE COURT, PRECINCT ONE
100 W. WEATHERFORD ST. ROOM 450
FORT WORTH, TX 76196

817-884-1395
FAX 817-850-2342

CASE NO. **JP01-20-SC00014696**

PLAINTIFF(S):
**DUKGYU CHOI; HYUNSOO CHOI**
ATTORNEY(S) FOR PLAINTIFF(S):
**SHAWN JAFFER** **13601 PRESTON RD STE E770** **214-494-1668**
**DALLAS TX 75240**

**VS.**

DEFENDANT(S):
**MERCANTILE ADJUSTMENT BUREAU LLC** **REGISTERED AGENT**
**DBA CREDITORS INTERSHANGE** **165 LAWRENCE BELL DR SUITE 100**
**RECEIVABLE MANAGEMENT** **WILLIAMSVILLE, NY 14221**
ATTORNEY(S) FOR DEFENDANT(S):

PPS CASE NUMBER: **JP01-20-SC00014696**

JUN 2021 12:19 MAB RECEIVED

****** ORIGINAL CIVIL CITATION ******

THE STATE OF TEXAS

**TO: MERCANTILE ADJUSTMENT BUREAU LLC DBA CREDITORS INTERSHANGE RECEIVABLE MANAGEMENT**
**SERVE REGISTERED AGENT**
**165 LAWRENCE BELL DR SUITE 100**
**WILLIAMSVILLE NY 14221**

DEFENDANT, GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S PETITION BEFORE THE JUSTICE COURT, PRECINCT ONE AT 100 W. WEATHERFORD, ROOM 450 FORT WORTH TEXAS 76196, SAID PLAINTIFF BEING

**DUKGYU CHOI; HYUNSOO CHOI** PLAINTIFF

AND SAID:

**NATIONWIDE MUTUAL INSURANCE COMPANY** DEFENDANT
**HYUNDAI MOTOR AMERICA DBA HYUNDAI MOTOR AMERICA INCORPORATED**
**MERCANTILE ADJUSTMENT BUREAU LLC DBA CREDITORS INTERSHANGE RECEIVABLE MANAGEMENT**

FILED ON THIS THE 22ND DAY OF DECEMBER, 2020, FILE NO. **JP01-20-SC00014696** SUED UPON: SEE PETITION ATTACHED, PLUS COURT COSTS.

PLAINTIFF RESERVES THE RIGHT TO PLEAD FURTHER ORALLY AT TIME OF TRIAL
**************************************************************************************************

**NOTICE TO DEFENDANT**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT. BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY. YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, OR LEGAL HOLIDAY, YOUR ANSWER IS DUE BY THE END OF THE FIRST DAY FOLLOWING THE 14TH DAY THAT IS NOT A SATURDAY, SUNDAY, OR LEGAL HOLIDAY. DO NOT IGNORE THESE PAPERS. IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION." UPON TIMELY REQUEST, NO LATER THAN 14 DAYS BEFORE THE DAY SET FOR TRIAL, AND PAYMENT OF A $22.00 JURY FEE, THIS CASE WILL BE HEARD BY A JURY."**
**************************************************************************************************

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENTS OF LAW, AND THE MANDATES HEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS.

GIVEN UNDER MY HAND ON THIS THE 23RD DAY OF DECEMBER, 2020.

JUSTICE COURT - PRECINCT 1 ★ TARRANT COUNTY, TEXAS ★

JUDGE RALPH SWEARINGIN, JR
A JUSTICE OF THE PEACE IN AND FOR
PRECINCT ONE, TARRANT COUNTY, TEXAS

Signed: 12/23/2020 4:04:04 PM

BY:______________________________
CLERK OF THE JUSTICE COURT

RECEIVED JUN 2021

**SERVICE COPY**

CONSTABLES RETURN

CAME TO HAND ON THE ________ DAY OF ____________ A.D. 20 _____ ,AT _________ O'CLOCK, ______ M.

AND EXECUTED ON THE ________ DAY OF ______________ , 20 _____ ,AT _________ O'CLOCK, ______ M.

BY DELIVERING IN PERSON A TRUE COPY OF THIS CITATION TO DEFENDANT(S) **(NAMES)** AT **(ADDRESS)** ____________

______________________________________________________________________

**IF GRANTED BY THE COURT: ALTERNATIVE SERVICE OF CITATION**

_____ BY RULE 501.2 (E) (1) MAILING A COPY OF THE CITATION WITH A COPY OF THE PETITION ATTACHED BY FIRST CLASS MAIL TO THE DEFENDANT AT A SPECIFIED ADDRESS, AND ALSO LEAVING A COPY THE CITATION WITH PETITION ATTACHED AT THE DEFENDANT'S RESIDENCE OR OTHER PLACE WHERE THE DEFENDANT CAN PROBABLY BE FOUND WITH ANY PERSON FOUND THERE WHO IS AT LEAST 16 YEARS OF AGE; **OR**

_____ (2) MAILING A COPY OF THE CITATION WITH A COPY OF THE PETITION ATTACHED BY FIRST CLASS MAIL TO THE DEFENDANT AT A SPECIFIED ADDRESS AND ALSO SERVING BY ANY OTHER METHOD THAT THE COURT FINDS IS REASONABLY LIKELY TO PROVIDE THE DEFENDANT WITH NOTICE OF THE SUIT.

APPROVED METHOD: ______________________________________________

______________________________________________________________________

RETURNED TO COURT AND NOT SERVED FOR THE FOLLOWING REASONS: ____________________

______________________________________________________________________

FEES:

SERVICE...$ ____________ SHERIFF/CONSTABLE – PCT. NO _____ , _________ COUNTY, TX

OTHER......$ ____________ DEPUTY SIGNATURE: ______________________

TOTAL......$ ____________ DEPUTY NAME: ______________________

**ORIGINAL CIVIL CITATION**

IN THE JUSTICE COURT

ISSUED DECEMBER 23, 2020

JUDGE RALPH SWEARINGIN, JR
JUSTICE COURT, PRECINCT ONE
100 W. WEATHERFORD ST. ROOM 450
FORT WORTH, TX 76196

817-884-1395
FAX 817-850-2342

CASE NO. **JP01-20-SC00014696**

PLAINTIFF(S):
**DUKGYU CHOI; HYUNSOO CHOI**
ATTORNEY(S) FOR PLAINTIFF(S):
**SHAWN JAFFER** **13601 PRESTON RD STE E770** **DALLAS TX 75240** **214-494-1668**

**VS.**

DEFENDANT(S):
**MERCANTILE ADJUSTMENT BUREAU LLC DBA CREDITORS INTERSHANGE RECEIVABLE MANAGEMENT**
**SERVE REGISTERED AGENT**
**165 LAWRENCE BELL DR SUITE 100**
**WILLIAMSVILLE, NY 14221**
ATTORNEY(S) FOR DEFENDANT(S):

**PPS** CASE NUMBER: **JP01-20-SC00014696**

RECEIVED JAN 21 2021

3 DEFNS

FILED
12/22/2020 5:11 PM
Judge Ralph Swearingin
Justice of the Peace, Precinct 1
Tarrant County

JP01-20-SC00014696
**CAUSE NO.** ____________________

| Dukgyu Choi, and Hyunsoo Choi<br><br>Plaintiffs,<br><br>v.<br><br>Nationwide Mutual Insurance Company; Hyundai Motor America dba Hyundai Motor America Incorporated; and Mercantile Adjustment Bureau LLC dba Creditors Intershange Receivable Management fka Mercantile Adjustment Bureau LLC;<br><br>Defendants. | **IN THE JUSTICE COURT**<br><br>**PRECINCT 1**<br><br>**TARRANT COUNTY, TEXAS** |
|---|---|

COMES NOW, Dukgyu Choi, and Hyunsoo Choi ("Plaintiff" or "Plaintiffs"), by and through their attorneys, the Shawn Jaffer Law Firm, PLLC, brings this *Original Petition* against Defendants Nationwide Mutual Insurance Company, ("Nationwide"), Hyundai Motor America dba Hyundai Motor America Incorporated ("Hyundai"), and Mercantile Adjustment Bureau LLC dba Creditors Intershange Receivable Management fka Mercantile Adjustment Bureau LLC ("Mercantile") , and respectfully shows the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

## PARTIES AND SERVICE

2. Plaintiff Hyunsoo is a natural person who resides in Dallas County, Texas and is represented by the undersigned counsel.

3. Plaintiff Dukgyu is a natural person who resides in Tarrant County, Texas and is represented by the undersigned counsel.



4. Plaintiff is allegedly obligated to pay a "Consumer Debt" to Defendant Hyundai for a personal debt in the amount of $4,249.50.

5. Plaintiffs are "Consumers" meaning Plaintiffs are natural persons who are obligated or allegedly obligated to pay a debt.

6. The Consumer Debt is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**Defendant Nationwide**

7. Defendant Nationwide can be served with process through its registered agent at Corporation Service Company, at 211 E. 7th St. Suite 620, Austin, Texas 78701.

8. Defendant Nationwide is an indemnity to Plaitiff.

**Defendant Hyundai**

9. Defendant Hyundai is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and can be served with process upon National Registered Agents, Inc., its registered agent for service of process at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

**Defendant Mercantile**

10. Defendant Mercantile is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas, and may be served with process through its registered agent at 165 Lawrence Bell Drive, Suite 100, Williamsville, new York, 14221.

RECEIVED JUN 2021

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over all the parties because both parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

11. Plaintiff seeks monetary relief within this Court's jurisdictional limits.

12. Venue in Dallas County, Texas is proper in this cause pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference paragraphs in this Complaint as though fully set forth herein.

14. On or about November 28, 2016, Plaintiff Hyunsoo traded in his 2014 Hyundai Elantra (VIN#: 5NPDH4AE8EH506102) to Vandergriff Honda in Arlington, Texas. Plaintiff Hyunsoo's father, Plaintiff Dukgyo, was a co-signer of the Hyundai Elantra. Plaintiff's Elantra had a trade-in value of $15,317.95; however, due to hail damage, Vandergriff Honda agreed to buy out the Elantra in full $11,050.50 if Plaintiff would file an insurance claim of $4,249.50 to fix the hail damage through his auto insurance company, Defendant Nationwide. See Exhibit A.

15. Defendant Nationwide issued the check, which Plaintiffs sent to Vandergriff Honda. Subsequently, Hyundai Lease Titling Trust signed a series of documentation informing Plaintiff Hyunsoo that his account was paid in full and released the title. See Exhibit B.

16. On or about November 29, 2016, Defendant Hyundai dba Hyundai Motor Finance notified Plaintiff Dukgyu with a letter that Vandergriff Honda had purchased the leased Hyundai Elantra.

RECEIVED

The letter further stated that Plaintiffs' liability on the account was satisfied in "full." See Exhibit C.

17. On or about August 17, 2017, unbeknownst to Plaintiffs, Vandergriff Honda mistakenly deposited the check issued by Defendant Nationwide to its account. When Vandergriff Honda issued a refund to Defendant Nationwide, Defendant Nationwide reissued the new check to Defendant Hyundai. However, Defendant Hyundai never cashed the check, and therefore Defendant Nationwide put a stop payment in August 2018. Defendant Hyundai claims it never received the new check from Defendant Nationwide. See Exhibit D & E.

18. Plaintiffs on several occasions disputed the alleged Debt.

19. On or about October 9, 2019, Defendant Mercantile attempted to collect the $4,414.83 Debt. See Exhibit F.

20. On or about April 28, 2020, Plaintiffs received an email from Credit Karma informing them that Defendant Hyundai had placed a charged-off account to major credit bureaus, resulting in approximately a one-hundred (100) point reduction in Plaintiffs credit scores.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT AS TO DEFENDANT NATIONWIDE**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. The elements for breach of contract are: (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach. Paragon Gen. Contractors, Inc. v. Larco Constr., Inc., 227 S.W.3d 876, 880 (Tex. App. 2007).

23. This is an action for a breach of contract between Defendant Nationwide and Plaintiff.

JUN 2021 12:19 MRB RECEIVED

24. Defendant Nationwide, after wrongfully issuing a check to Vandergriff Honda, had a duty to reissue a check to Defendant Hyundai, the proper payee.

25. Defendant Nationwide failed to reissue the check according to Defendant Hyundai, or if Defendant Nationwide did indeed reissue the check, it put a stop payment on the check.

26. As a result of the conduct, action, and inaction of Defendant Nationwide, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

27. The conduct, action or inaction of Defendant Nationwide constitutes a breach of contract. It renders Defendant Nationwide liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and or Jury.

28. WHEREFORE, Plaintiff, individual, demands judgment in his favor against Defendant Nationwide for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
## WILLFUL VIOLATION OF THE FCRA AS TO DEFENDANT HYUNDAI

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

30. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

31. Defendant Hyundai violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Hyundai maintained concerning the Plaintiff.

32. Defendant Hyundai has willfully and recklessly failed to comply with the Act. The failure of Defendant Hyundai to comply with the Act include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d. The failure to promptly and adequately investigate information which Defendant Hyundai had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Hyundai to delete; and

h. The failure to take adequate steps to verify information Defendant Hyundai had reason to believe was inaccurate before including it in the credit report of the consumer.

33.     As a result of the conduct, action, and inaction of Defendant Hyundai, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

34.     The conduct, action or inaction of Defendant Hyundai was willful, rendering Defendant Hyundai liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

35.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

36. WHEREFORE, Plaintiff, individual, demand judgment in his favor against Defendant Hyundai, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**THIRD CAUSE OF ACTION**
**NEGLIGENT VIOLATION OF THE FCRA AS TO DEFENDANT HYUNDAI**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

39. Defendant Hyundai violated 15 U.S.C. § 1681i(a) by failing to delete the inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

40. Defendant Hyundai has negligently failed to comply with the Act. The failure of Defendant Hyundai to comply with the Act include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d. The failure to promptly and adequately investigate information which Defendant Hyundai had notice was inaccurate;

RECEIVED

e.   The continual placement of inaccurate information into the credit reports of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Hyundai to delete;

h.   The failure to take adequate steps to verify information Defendant Hyundai had reason to believe was inaccurate before including it in the credit report of the consumer.

41.   As a result of the conduct, action or inaction of Defendant Hyundai, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

42.   The conduct, action or inaction of Defendant Hyundai were negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

43.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

**WHEREFORE,** Plaintiff, individual, demand judgment in her favor against Defendant Hyundai, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**FOURTH CAUSE OF ACTION**
**THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq.* AS TO DEFENDANT MERCANTILE**

44. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

45. Defendant Mercantile's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

46. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute, including:

(a) The false representation of the character, amount, or legal status of any debt;

(b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(c) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

**15 U.S.C. §1692e(2), (8) & (10).**

47. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt, including:

1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is authorized by the agreement creating the debt or permitted by law.

**U.S.C. § 1692f(1).**

48. For the aforementioned reasons, Defendant Mercantile has violated §1692(e) & 1692(f).

49. For these reasons, Defendant Mercantile has violated the FDCPA.

50. For these reasons, Defendant Mercantile is liable to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**AS TO DEFENDANT MERCANTILE**

51. Plaintiff re-alleges and incorporates by reference paragraphs in this Complaint as though fully set forth herein.

52. Defendant Mercantile's debt collection efforts against Plaintiff violated various provisions of the TDCA.

53. Section 392.101(a) states that "[a] third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state."

54. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

(a) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; Tex. Fin. Code Ann. § 392.904(8); and

(b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

55. For the aforementioned-reasons, Defendant Mercantile violated the TDCA.

56. For these reasons, Defendant Mercantile is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

RECEIVED MAY 21 2021

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows:

1. Award Plaintiff statutory damages up to $1,000 under the FDCPA from Defendant Mercantile for violations of the FDCPA;
2. Award Plaintiff statutory damages under the FDCPA from Defendant Hyundai for violations of the FCRA;
3. Award Plaintiff damages for breach of contract from Defendant Nationwide;
4. Award Plaintiff actual damages under the FDCPA from Defendant Mercantile to be determined by the jury;
5. Award Plaintiff actual damages under the FCRA from Defendant Hyundai to be determined by the jury;
6. Award Plaintiff actual damages under the TDCA from Defendants Mercantile to be determined by the jury;
7. Award Plaintiff injunctive relief from Defendant Mercantile under the TDCA;
8. Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses under both the FDCPA, FCRA, and TDCA; and
9. Award Plaintiff such other and further relief as this Court may deem just and proper.

**DATED**: December 22, 2020

Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

*/s/ Shawn Jaffer*

**Shawn Jaffer**
Texas Bar No. 24107817
Email: team@jaffer.law
13601 Preston Rd E770
Dallas, Texas 75240
T: (877) 371-1001/F: (888) 509-3910
***Attorney for Plaintiff***

JUN 2021 RECEIVED



S|J
THE
SHAWN JAFFER
LAW FIRM

JP01-20-SC00014696

**REQUEST FOR ISSUANCE OF CIVIL CITATION**

Plaintiff requests the Clerk of Court to file the original petition and to issue a separate Civil Citation for each defendant for service by a private process server.

The Citation(s) should be sent via email to: EDGAR@JAFFER.LAW

Or if the Citiations must be mailed then mail to: Shawn Jaffer Law Firm, Pllc
13601 Preston Rd, Suite E770
Dallas, TX 75240

Sincerely,

*Shawn Jaffer*

Shawn Jaffer, Esq.
shawn@jaffer.law

13601 Preston Rd
Suite E750
Dallas, TX 75240

T: (214) 494-1668
F: (469) 669-0786
www.Jaffer.Law





December 3, 2018

DUKGYU CHOI
6201 SNOW RIDGE CT
ARLINGTON TX, 760183163

Re: **Hyundai Motor Finance Lease Agreement, dated 07/31/2014**
Account Number: 1408894058
Leased Vehicle: 14 Hyundai Elantra 4dr Sdn Auto Limi, VIN. 5NPDH4AE8EH506102
Maturity Date: 10/31/2017

Dear DUKGYU CHOI:

Thank you for returning your leased vehicle to Hyundai Motor Finance. In accordance with the terms of your lease contract, you are responsible for the outstanding fees listed below. If applicable, other fees incurred prior to turning in the vehicle including parking violations, personal property taxes, official state fees and taxes, etc., will be billed at a later date.

| DESCRIPTION | AMOUNT |
|---|---|
| Due and unpaid lease payments (including any sales/use tax) | $4,414.83 |
| Other Amounts Due (other than excess wear and excess mileage) | $0.00 |
| Excess Mileage Charge | $0.00 |
| Excess Wear and Use | $0.00 |
| Disposition Fee* | $0.00 |
| Accrued Late Fees | $0.00 |
| Accrued Property Taxes | $0.00 |
| Parking Violations | $0.00 |
| Official Fees and Taxes (Sales/Use Tax) | $0.00 |
| Repossession and Storage Expenses | $0.00 |
| Returned Payment Charge | N/C |
| Less: Advanced Lease Payment | $0.00 |
| Less: Security Deposit | $0.00 |
| Total: | $4,414.83 |

*A fee, specified in the lease contract, payable at lease-end if the lessee does not purchase the vehicle. When you lease or finance the purchase of a new Hyundai through Hyundai Motor Finance within 60 days of returning your lease, Hyundai will pay your disposition fee, up to $400. Please call the number below with your new account information.

Please send your payment of $4,414.83 to us within 15 days from the date of this notice. Please call us at (866) 771-3663 should you have any additional questions. Thank you again for allowing Hyundai Motor Finance to service your lease.

Please mail your payment to us at:

Hyundai Motor Finance
PO BOX 660891
Dallas, TX 75266-0891

Sincerely,

Hyundai Motor Finance

*This is an attempt to collect a debt. Any information obtained will be used for that purpose.*

EXHIBIT B

Acct # :976485227 Check # :1871902 Amount :4,249.50

Seq# :4570906246

THIS IS WATERMARKED PAPER - HOLD TO LIGHT TO VERIFY WATERMARK

Nationwide Insurance
Allied Insurance
Nationwide Agribusiness
Titan Insurance
Victoria Insurance

Nationwide Insurance
PO Box 182188
Columbus OH 43218-2188
1-800-421-3535

Check No: 01871902

Date of Issue: 10/26/2016

Void if Not Cashed Within 180 days

| Policy Number | Loss Date | Name of insured | Claim Number |
|---|---|---|---|
| 7842D 264340 | 03/31/2016 | Dukgyu Choi | 985047-GD |

PAY EXACTLY: Four thousand two hundred forty nine and 50/100 DOLLARS $ 4249.50 AMOUNT

PAY TO THE ORDER OF
Dukgyu Choi & Hyundai Lease Titling Trust
~~6201 Snow Ridge Court~~
~~Arlington, TX 76018-3163~~

JPMorgan Chase Bank, N.A.

By [signature]

Security Features Included. Details on back.

⑈01871902⑈ ⑆044115443⑆ 976485227⑈

78197833

FEDERAL RESERVE BOARD

For Deposit Only - JPMC

FOR DEPOSIT ONLY TO THE ACCOUNT OF
VANDERGRIFF HONDA
ACCT. #07202001354

RECEIVED
JUN 2021 12:26



# BILL OF SALE

| SALE DATE |
|---|
| 11/28/2016 |

**MOTOR VEHICLE**

| License Plate Number | Year | Make | Model | Vehicle Identification Number | Mileage |
|---|---|---|---|---|---|
| | 2014 | HYUNDAI | ELANTRA | 5NPDH4AE8EH506102 | 58491 |

**SELLER**

Seller's Name
HYUNDAI LEASE TITLING TRUST *(Seller is not a dealer.)*

Seller's Address, City, State and Zip
P.O.Box 20809, Fountain Valley, CA 92728 - 0809

**BUYER(S)**

| Primary Buyer's Name | | | Co-Buyer's Name | | |
|---|---|---|---|---|---|
| VANDERGRIFF HONDA | | | | | |
| Buyer's Address | | | Buyer's Address | | |
| 1104 WEST INTERSTATE 20 | | | | | |
| City | State | Zip | City | State | Zip |
| ARLINGTON | TX | 75017 | | | |

**SALE PRICE**

| Cash Sale Price | Sales/Use Tax: | Other: | Security Deposit | Total Recieved: |
|---|---|---|---|---|
| 15,300.00 | 0.00 | 0.00 | 0.00 | 15,300.00 |

**TERMS OF SALE**

TRANSFER. Seller hereby sells, transfers and assigns to the above Buyer(s) all of its rights, title and interest in and to the above motor vehicle (the"Vehicle", as of the above Sale Date, in exchange for the Cash Sale Price, the receipt of which is hereby acknowledged. No down payment or trade-in vehicle.

REPRESENTATIONS & DISCLAIMERS. Seller warrants that it is the legal owner of the Vehicle and that it is free from any security interest, lien or other encumberance. The Vehicle is used and is sold AS IS. ALL OTHER WARRANTIES INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS, ARE DISCLAIMED TO THE FULLEST EXTENT ALLOWED BY LAW. **This disclaimer does not affect any warranties of the manufacturer. Please refer to your Vehicle User Manual for manufacturer warranty information.**

*Buyer(s) acknowledge that they leased the Vehicle when new and that it has been in his/her/their continuous possession since then. Seller has not obtained possession of the Vehicle, and mileage is based on Buyer's written disclosure.*

TAXES & GOVT. FEES. Buyer(s) is/are responsible for payment of all taxes, license, registration and other government fees in connection with the Vehicle, other than sales tax and other fees received by Seller listed above. Buyer must take all actions necessary to transfer title promptly, as required by law.

**SELLER'S SIGNATURE**

I declare under penalty of perjury that the foregoing is true and correct. Executed on 11/29/2016 at Gwinnett, Georgia.

X [signature]

Hyundai Motor Finance
Titles Department
Telepone: 1-800-523-4030

Seller's Account Number
0000894058

**BUYER(S) SIGNATURE(S)***

X

X

* If you resides in CT, MA, NC and RI, please sign above and return this Bill of Sale to:

Hyundai Motor Finance, Titles Department
P.O. Box 20809, Fountain Valley, CA 92728-0809

In all other states, please keep this Bill of Sale for your records. You may be required to present it to the motor vehicles department.

"Notice is hereby given that the rights, but not the obligations, of Hyundai Lease Titling Trust ("HLTT") under the sale agreement for the asset described in this agreement have been assigned to HCA Exhange, Inc. pursuant to an agreement between HLTT and HCA Exchange, Inc."



Hyundai Motor Finance
PO BOX 20829 | Fountain Valley, CA 92728-0829

Date: 11/29/2016

DUKGYU CHOI
6201 SNOW RIDGE CT
ARLINGTON, TX 76018

**Re: Closed End Motor Vehicle Lease, dated** 7/31/2014
Vehicle: 2014 HYUNDAI ELANTRA Vin. 5NPDH4AE8EH506102
Account No: 0000894058

Dear Customer:

This letter will confirm that your leased vehicle has been purchased by VANDERGRIFF HONDA and that your liability under the above referenced lease is considered satisfied in "full".

**Please be advised that any tax bills not yet received from your tax assessor's office for the current year will be your responsibility to pay based on your contractual obligation. The tax bill will be forwarded to you to pay if one is received.**

Thank you for the opportunity to be of service to you, and we look forward to meeting your vehicle financing or leasing needs in the future.

Sincerely,

10/16/2019

Titles Department
HYUNDAI MOTOR FINANCE
Telephone: Toll free (800) 523-4030

RECEIVED

Scanned with CamScanner

EXHIBIT D

210396

Copyright 2014 COX Global, LLC ON DEMAND CHECK - CODIC - IMAGING

CHECK CONTROL NO. 210396 ISSUED BY: AMY_MEARS

VANDERGRIFF HONDA
ARLINGTON, TX 76017

PAGE 1C

| INVOICE STOCK NO. | INVOICE DATE | PURCHASE ORDER NO. | COMMENT/V.I.N. | AMOUNT | DISCOUNT/ ACCOUNT NO. | NET AMOUNT |
|---|---|---|---|---|---|---|
| | 022317 | PLICY 7842D 2016 DUKGYU IN ERROR - W CHECK WAS SE TRUST TO BE ACCOUNT/PER | 264340 LOSS DATE 3 31 CHOI CHECK DEPOSITED E WERE NOT THE PAYEE NT TO HONDA LEASE APPLIED TO CUSTOMERS HONDA ACCOUNT IS CLEAR | | | 4,249.50 |
| | | | | | | 0.00 |
| | | | | 210396 | 110100 | -4,249.50 |
| | | | | 523735 | 121600 | 4,249.50 |
| | | | | TOTAL | 110100 | 4,249.50 |

986047-GD ✓

Chris

Houser

210396

TX-70-MANS

Lillian - 972-590-3826

Dear Customer

In an effort to prevent fraud and keep our costs low, we are on a fraud prevention service with JPMorgan Chase Bank, N.A. called Positive Pay. Because of this service, this check may not be cashed at any JPMorgan Chase Bank, N.A. branch until the next business day. However, you can deposit the check at your financial institution without any delay.

We sincerely appreciate your cooperation.

DETACH AT PERFORATION BEFORE DEPOSITING CHECK REMITTANCE ADVICE

RECEIVED 2021 JUN 11 12:20

• THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-
EGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION
S NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS
ORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE •
• THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-
EGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION
S NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS
ORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE
• THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-
EGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION
S NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS
ORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE
• THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-
EGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION
S NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS
ORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE
• THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-
EGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION
S NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS
ORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE
• THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-
EGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION
S NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS
ORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE
• THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-
EGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION
S NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS



Nationwide

Dukgyu Choi
Page 1 of 1

| | |
|---|---|
| Date prepared | April 24, 2017 |
| Notice of loss date | October 18, 2016 |
| Claim number | 986047-GD |
| Policy number | 7842D 264340 |
| Questions? | Contact Claims Associate<br>Chris Houser<br>HOUSERC@nationwide.com<br>Phone 817-937-5266<br>Fax 866-262-3268 |

Nationwide Insurance
Attn Trust Department
1100 Locust Street D1-5E-2019
Des Moines, IA 50391-1100

## Claim details

| | |
|---|---|
| Insurer: | Colonial County Mutual |
| Policyholder: | Dukgyu Choi |
| Claimant: | Dukgyu Choi |
| Claim number: | 986047-GD |
| Loss date: | March 31, 2016 |

Dear Trust Dept,

Please find enclosed a $ 4,249.50 refund check made payable to Nationwide Insurance. The check was issued to reimburse Nationwide for the check the Honda Dealership cashed in error that was made payable to Dukgyu Choi & Hyundai Lease Titling Trust to cover the cost of the hail damage found on the 2014 Hyundai Elantra.

## For more information

If you have any questions or concerns, please contact me at 817-937-5266 or HOUSERC@nationwide.com.

Sincerely,

Chris Houser
Colonial County Mutual
One Nationwide Gateway
Des Moines, IA 50391-3525

Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.



11/9/2020 Guidewire ClaimCenter

1 JUN 2021 12:20
NMB RECEIVED

https://nwclaimcenter.nwie.net/cc/ClaimCenter.do 4/4

EXHIBIT E

Hyundai Lease Titling Trust
Page 1 of 1

Date prepared August 17, 2017
Notice of loss date October 18, 2016
Claim number 986047-GD
Policy number 7842D 264340
Questions? Contact Claims Associate
Chris Houser
HOUSERC@nationwide.com
Phone 817-937-5266
Fax 866-262-3268

Hyundai Lease Titling Trust
PO Box 105299
Atlanta, GA 30348-5299

## Claim details

Insurer: Colonial County Mutual
Policyholder: Dukgyu Choi
Claimant: Dukgyu Choi
Claim number: 986047-GD
Loss date: March 31, 2016
Check for hail damages

Dear Hyundai Lease Titling Trust ,

Please find enclosed a $4249.50 check made payable to Hyundai Lease Titling Trust and Dukgyu Choi. The check will cover the cost of the hail-related damage found on the 2014 Hyundai Elantra (VIN: 5NPDH4AE8EH506102).

On April 10, 2017, I received a refund check from Vandergriff Honda for $4249.50 made payable to Nationwide Insurance. There is a note that states: "Policy 7842D 264340 Loss date 3 31 2016 Dukgyu Choi check deposited in error - We were not the payee.
Check was sent to Honda Lease Trust to be applied to customers account/per Honda account is clear."

Since the check was sent to Honda Lease Trust instead of Hyundai Lease Titling Trust, I determined it would be best to send this co-payable check to your attention. If the loan for the above referenced car was paid off, Please endorse the check and mail it to Dukgyu Choi, 6201 Snow Ridge Court, Arlington, TX 76018-3163.

## For more information

If you have any questions or concerns, please contact me at 817-937-5266 or HOUSERC@nationwide.com.

Sincerely,

Chris Houser
Colonial County Mutual
One Nationwide Gateway
Des Moines, IA 50391-3525



EXHIBIT F

28977244 280
10/09/2019

| Creditor: | HYUNDAI MOTOR FI.. NCE |
|---|---|
| Account Number: | ******4058 |
| Reference Number: | 28977244 280 |
| Balance: | $4,414.83 |
| Amount Enclosed: $ | |

MERCA... TE
*Innovative Solutions, Exceptional ...*

165 Lawrence Bell Drive, Suite 100
Williamsville, NY 14221-7900
1-866-896-5260

**Please send payment or correspondence to:**
Mercantile Adjustment Bureau, LLC
PO Box 9055
Williamsville NY 14231-9055

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

Date: 10/09/2019

Dukgyu Choi,

Your account with HYUNDAI MOTOR FINANCE has been placed with our office for collection. The balance due is $4,414.83.

We can accept $3,621.00 to resolve this account if payment is received by 11/24/2019, after which this offer may expire. Should you wish to resolve this account for less than the current balance after this date, please contact our office to discuss alternative arrangements. We are not obligated to renew this current offer.

Sincerely,

Dan Lauer
Phone Number: 1-866-896-5260

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

JUN 2021 12:29 MAB RECEIVED

Scanned with CamScanner